Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
Cameron O. Flynn CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA and VITAS HEALTH SERVICES OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA CRENSHAW, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Corporation; VITAS HEALTH SERVICES OF CALIFORNIA, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **'25CV1043 TWR DEB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: November 20, 2024<br>Trial Date: Not Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLEASE TAKE NOTICE**:

Defendant Vitas Healthcare Corporation of California ("Vitas") hereby removes the above-entitled action ("Action") to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ["CAFA"]), and 1446. Vitas does so on the grounds that: (1) minimal diversity exists between Vitas, on the one hand, and Plaintiff Erica Crenshaw ("Plaintiff") and many of the putative class members, on the other hand; (2) the aggregate number of putative members amongst all proposed classes exceeds 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed the Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I. STATE COURT ACTION

1. Plaintiff filed the Class Action Complaint on November 20, 2024, in San Diego Superior Court ("Action"), against Vitas. (Declaration of Jesse C. Ferrantella "Ferrantella Decl."], ¶ 2; Ex. 1, Complaint.) A copy of the Complaint packet is attached as **Exhibit 1**. The Action was assigned Case No. 24CU024136C. (*Id*.)

2. On November 25, 2024, Plaintiff served Vitas with the Complaint. (Ferrantella Decl. ¶ 3: Ex. 2, Proof of Service of Summons.) A copy of the executed Proof of Service of Summons is attached as **Exhibit 2.**

3. Vitas filed an Answer to Plaintiff's Complaint in the San Diego Superior Court on April 17, 2025. (Ferrantella Decl., ¶ 4; Ex. 3, Answer.) A copy of the Answer to Plaintiff's Complaint is attached as **Exhibit 3.**

## II. REMOVAL IS TIMELY

4. The time to remove under 28 U.S.C. Section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not contain all facts and data to calculate the amount in controversy with reasonable certainty as to the individually named Plaintiff or as to the putative class. Accordingly, it is not possible to ascertain solely from the Complaint all facts and data that this case is removable, and, to date, Vitas has not received any other document which would constitute an "other pleading, motion, order or other paper" providing this information. (*See* Ferrantella Decl.¶ 7.) Accordingly, the time to remove this action has not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013). As set forth below, Vitas has only recently discovered such evidence after collection and review of relevant records of the implicated employees and an analysis of the estimated damages based on reasonable assumptions drawn from the Complaint. Therefore, Vitas is timely removing this case based on that information, as well as the allegations in the Complaint.

### III. REMOVAL IS PROPER UNDER CAFA

5. Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts causes of action on a class wide basis for: unfair competition, failure to pay minimum wages, failure to pay overtime, failure to provide meal periods, failure to provide rest periods, inaccurate wage statements, failure to reimburse business expenses, and failure to pay sick pay wages. (Ex. 1, Complaint.)

6. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

7. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a State different from Vitas, the number of individuals in the proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.   CAFA's Diversity of Citizenship Requirement is Satisfied**

8. CAFA's diversity requirement is satisfied "so long as 'any member of a class of Plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

9. Plaintiff is a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (Maico-Smith Decl. ¶ 6.) Numerous putative class members are also residents of the State of California within the meaning of 28 U.S.C. § 1332(a). (Maico-Smith Decl. ¶ 7.)

10. Under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business. A company's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id*.

11. Vitas is, and at all times relevant to this action was, a citizen of Delaware and Florida. Vitas is a company organized under the laws of Delaware. Further, Vitas headquarters and principal place of business – where its operations are directed, controlled, and managed – is in Florida. Vitas has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in

California. (Maico-Smith Decl. ¶ 2.) Accordingly, Vitas is a citizen of Delaware and Florida, and not a citizen of California.

12.  The CAFA diversity requirement has been met because Plaintiff (or any one of the numerous implicated employees) is a citizen of California and Vitas is not; it is a citizen of Delaware and Florida. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B.     CAFA's Class Size Requirement Is Satisfied

13.  Plaintiff purports to bring the Action on behalf of as all individuals who are or previously were employed by Vitas Healthcare Corporation of California and/or Vitas Health Services of California, Inc. in California (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). (Complaint, ¶ 27.)

14.  Vitas disputes Plaintiff's allegations and does not waive any rights to challenge Plaintiff's pleading. Nevertheless, between November 20, 2020, through the date Reena Maico-Smith executed the declaration in support of this Notice of Removal, Vitas employed at least 2,488 non-exempt employees in California (in the aggregate). (Maico-Smith Decl. ¶ 3.) This four-year lookback period corresponds within the statutory limitations period of the Unfair Competition claim alleged by Plaintiff. Bus & Prof. Code § 17208; Complaint, 27, Prayer. Thus, CAFA's class size requirement is satisfied.

### C.     CAFA's $5 Million Amount in Controversy Requirement Is Met

15.  CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

16.  Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013).

Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

17.  Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint, based on the allegations in it, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

### 1. Relevant Data

18.  From November 20, 2020, to the Notice of Removal, Vitas employed, in the aggregate, at least 2,488 non-exempt employees in California. (Maico-Smith Decl. ¶ 3.) Those employees worked approximately 233,829 workweeks. (*Id.*) The average rate of pay is $31.19. (*Id.*)

19.  From November 20, 2021 to the present, Vitas separated with at least 1,050 non-exempt employees in California. (Maico-Smith Decl. ¶ 4.)

20.  From November 20, 2023, to the present, Vitas employed at least 1,381 non-exempt employees in California for whom there are approximately 36,080 pay periods for which wage statements would be issued. (Maico-Smith Decl. ¶ 5.)

---

[1] In alleging the amount in controversy for purposes of CAFA, Vitas does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Vitas concede that any or all putative class members are entitled to any recovery in this case or are appropriately included in the action. Vitas also does not concede Plaintiff can bring claims on class or representative basis.

### 2. Waiting Time Penalties

21. Plaintiff alleges: "As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203." (Complaint ¶ 20.) Plaintiff further states "Defendant violated the right of the California Labor Sub-Class under California law by: … violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment." (Complaint ¶ 42(e).) Plaintiff seeks waiting time penalties: "DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members." (Complaint ¶ 73.) Plaintiff further seeks waiting time penalties premised on owed overtime and sick pay. (See Complaint ¶¶ 87, 107, 108, Prayer for Relief.)

22. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).

23. From November 20, 2021, to the present, Vitas separated with at least 1,050 non-exempt employees in California. (Maico-Smith Decl. ¶ 4.) The average hourly rate is $31.19. This equals an average daily rate (8 hours) of approximately $249.52. (*Id.*)

24. Therefore, based on Plaintiff's claim of entitlement to statutory penalties premised on violation of Labor Code § 201 and 202, the amount in controversy for

waiting time penalties is at least **$7,859,880** ($249.52 daily rate ($31.19 per hour x 8 hours) x 30 days x 1,050 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Demaria v. Big Lots Stores – PNS, LLC*, 2023 WL 6390151, at *7 (E.D. Cal. Sept. 29, 2023) (finding "the recovery of waiting time penalties does not hinge on the number of violations committed; rather Defendants need only have caused and failed to remedy *a* single violation per employee for waiting time penalties to apply"); *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 524626 (C.D. Cal. Aug. 14, 2023) (holding that when a waiting time claim is derivative of other labor code violations on behalf of a class, a 100% violation rate is appropriate for former employees).

### 3. Further Data

25. For purposes of this removal, the claims above are sufficient to support the required $5 million threshold amount in controversy. However, Vitas has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy. (Maico-Smith Decl. ¶¶ 3-5.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

### 4. Attorney Fees

26. Based on the above, Vitas has demonstrated there is at least **$7,859,880** in controversy in waiting time penalties and restitution for unpaid wages solely from alleged off-the-clock work.

27. Plaintiff also seeks an award for attorneys' fees: "attorneys' fees pursuant to Labor Code sections 218.5, section 1021.5, and/or other applicable law." (Ex. 1, Complaint, Prayer, *see also,* ¶¶ 60, 87, 93, 104, 111, and 121.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the

total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

28. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,964,970** ($7,859,880 x 0.25).

### 5. Summary

29. Based Plaintiff's allegations, the amount in controversy is at least **$9,824,850** ($7,859,880 + $1,964,970). The Complaint satisfies the $5 million threshold.

## IV. VENUE IS PROPER IN THIS COURT

30. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Diego is within the Southern District of California. 28 U.S. Code § 84(d). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

31. The undersigned is counsel of record for Defendant Vitas, and Defendant Vitas Health Services of California, Inc. Thus, the undersigned is counsel of record for all Defendants. Defendants all consent to and join this removal.

32. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Jesse C. Ferrantella, and Exhibits 1 to 4 thereto, which constitute a copy of all processes, pleadings, and orders provided to Vitas. (Ferrantella Decl. ¶ 6.)

33. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as detailed above.

34. As required by 28 U.S.C. §1446(d), Vitas provided Notice of Removal to Plaintiff through his attorneys of record.

35. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Diego.

36. If this Court has a question regarding the propriety of this Notice of Removal, Vitas respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

## V. CONCLUSION

For the foregoing reasons, Vitas removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: April 24, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Jesse C. Ferrantella
Cameron O. Flynn
Attorneys for Defendants VITAS HEALTHCARE CORPORATION OF CALIFORNIA and VITAS HEALTH SERVICES OF CALIFORNIA, INC.

89563475.v1-OGLETREE